**APACHE POWDER COMPANY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. Civ. 89–375 TUC WDB.**

United States District Court, D. Arizona.

April 26, 1990.

J. Ruth Sproull of Gallagher & Kennedy, Phoenix, Ariz., for plaintiff.

Monte C. Clausen, Asst. U.S. Atty., Tucson, Ariz., for defendant.

ORDER

WILLIAM D. BROWNING, Chief Judge.

The Court has reviewed the Government's motion to dismiss for lack of subject matter jurisdiction. Since affidavits have been attached, the Court deems the motion as one for summary judgement. Accordingly, the facts will be viewed in the light most favorable to the non-moving party. Plaintiff has moved the Court to strike unsubstantiated factual allegations. The Court will grant the Government's motion and deny the motion to strike as moot.

I. Factual Background

The Government, through the Environmental Protection Agency ("EPA"), has placed a statutory lien [1] on Plaintiff's property to secure payment of EPA's costs incurred in investigating nitrate contamination at Plaintiff's facility.[2] Plaintiff has sued the Government to quiet title in the

---

1. The statutory lien was issued pursuant to 42 U.S.C. § 9607(*l*) (Supp.1989).

2. Omitted is a detail of the alleged contamination because it is irrelevant to the question of subject matter jurisdiction.

property.[3] Plaintiff wants the Court to declare the lien invalid and make a determination of Plaintiff's liability as to the sum demanded by the EPA.

## II. Motion to Dismiss

The Court finds that this action is one for pre-enforcement and as such is expressly barred by 42 U.S.C. § 9613(b) & (h) (1983 & Supp.1989). This case falls squarely within § 9613(h), entitled "Timing of review," which states in relevant part:

> No Federal court shall have jurisdiction under Federal law other than under section 1332 (relating to diversity of citizenship ...) to review any challenges to removal or remedial actions selected under section 9604 of this title, or to review any order issued under section 9606(a) of this title, in any action except one of the following.... [4]

The Court finds *Reardon v. United States*, 731 F.Supp. 558 (D.Mass.1990) particularly instructive. In *Reardon*, the Massachusetts District Court found the timing provisions barred the pre-enforcement action which was very analogous to the case at bar. This Court, like the *Reardon* court, finds the underlying policy provisions would be thwarted by allowing this pre-enforcement action. The *Reardon* court's definition of pre-enforcement applies here:

> The term pre-enforcement judicial review, as used in this memorandum, refers to judicial review of EPA actions prior to the time that the EPA or a third party undertakes legal action to enforce

an order or to seek recovery of costs for the cleanup of hazardous waste site. *Reardon* at n. 8.

It is clear that this action might cause delay in the clean-up. Plaintiff asks the Court to declare that it is not liable under CERCLA and to lift the lien. The fact that it may be willing to employ clean up procedures or may be liable under other federal statutes is irrelevant.

It is also important that the statute is denominated a "timing of review" provision. The purpose of the timing provision is frustrated when the Court reviews the EPA lien at this early juncture. The statute is clear and unequivocal. Jurisdiction is absent unless timing is proper.

Finally, Plaintiff's argument that it is left without a remedy in this "lien" context is misleading. The Court today rules it is presently without subject matter jurisdiction; Plaintiff must await an enforcement action or must wait out the statute of limitations.

## III. Motion to Strike

Since the Court has reviewed the motion in the light most favorable to the Plaintiff, the motion to strike will be deemed moot. The Court has considered the record as a whole, as provided by both sides, and has given Plaintiff all favorable inferences.

## IV. Conclusion

IT IS THEREFORE ORDERED THAT:

(1) The Government's motion to dismiss be GRANTED;

(2) All other pending motions be DENIED as MOOT;

---

**3.** Plaintiff has a pending a motion for preliminary injunction. The parties agreed that the Court is to consider the motion only if it denies the motion to dismiss.

**4.** Removal is "the clean up or removal of released hazardous substances from the environment...." 42 U.S.C. § 9601(23) (Supp.1989). Remedial actions are "those actions consistent with permanent remedy taken instead or in addition to removal actions...." 42 U.S.C. § 9601(24) (Supp.1989).

The excepted actions referred to, are as follows:

(1) An action under 9607 of this title to recover response costs or damages or for contribution.

(2) An action to enforce an order issued under section 9606(a) of this title to recover a penalty for violation of such order.

(3) An action for reimbursement under section 9606(b)(2) of this title.

(4) An action under 9659 of this title (relating to citizens alleging that the removal or remedial action taken under section 9604 of this title was in violation of any requirement of this chapter). Such an action may not be brought with regard to a removal where a remedial action is to be undertaken at the site.

(5) An action under 9606 of this title in which the United States has moved to compel a remedial action.

(3) The Case is DISMISSED and judgment be entered accordingly.